RYLANDER, Respondent, vs. LAURSEN, Appellant.

*February 19—March 11, 1902.*

*Pleading: Counterclaim: Same transaction: Subject of the action.*

1. Plaintiff alleged that defendant was the owner of a mill on plaintiff's land, and allowed fire to escape therefrom onto the land to plaintiff's damage. The affirmative parts of the answer set forth an alleged agreement with the plaintiff, by the terms

of which the defendant moved his mill to plaintiff's land, upon condition that the plaintiff would clear and burn off the rubbish about tne mill site; that the plaintiff did not perform his agreement; that defendant was therefore obliged to do such clearing himself, keep a night watchman until such clearing was done, and therein necessarily expended a certain sum, followed by the statements, "which said amount this defendant pleads as a counterclaim," and "this defendant therefore alleged as a counterclaim to the plaintiff's alleged cause of action" said sum. *Held*, under the liberal rules of construction required by sec. 2668, Stats. 1898 (providing that in the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice), that the pleader had fulfilled the formal requirements of sec. 2656, requiring a counterclaim to be pleaded as such, and to be so denominated.

2. In such case the action being to recover for tortious acts alleged to have been committed in May and June, and the supposed counterclaim being on a cause of action for breach of a contract made in the preceding April, the counterclaim cannot be said to arise out of the transaction set forth by the plaintiff, nor connected with the subject of the action, as required by said sec. 2656.

Appeal from an order of the circuit court for Washburn county: A. J. Vinje, Circuit Judge.  *Affirmed*.

The complaint in this action, after setting forth the fact that the plaintiff is the owner of a certain half section of land particularly described, alleges that the defendant during the months of April, May, June, and July, 1900, owned a sawmill situated upon one quarter section of said land, which mill was equipped with a large and tall smokestack, and that during the months of May and June, 1900, the defendant operated said mill with no spark arrester upon the stack; that on the 21st of May, 1900, while so operating the said mill, the defendant negligently allowed sparks to escape from said stack, which set fire to rubbish about the mill, and that the defendant wilfully and negligently omitted and refused to put out said fire, or keep the same under control, and allowed the same to escape to the plaintiff's land, and destroy a large

amount of saw logs and standing timber belonging to the plaintiff, to his damage in the sum of $650. For a second cause of action the plaintiff alleged that in June, 1900, the brush or rubbish near the defendant's mill was very dry, and that the defendant set fire to the same in order to protect his own sawed lumber near his mill from being destroyed by other fires, and that the defendant negligently allowed the fire so set by him to escape and burn over a part of the plaintiff's land, and destroy logs and standing timber belonging to the plaintiff, of the value of $900. Judgment was demanded against the defendant in the sum of $1,550, with costs. The defendant's answer contains specific denials to most of the material allegations of the complaint, and then proceeds as follows:

"For a further and separate answer to the plaintiff's amended complaint defendant shows to the court that during the month of April, 1900, he moved his said mill, hereinbefore referred to, to the lands of the plaintiff, at the plaintiff's special instance and request, conditioned upon the agreement of the plaintiff that he would make a clearing and burn off all rubbish and brush in and about the place where it was agreed that said mill should be placed and operated, in order that said mill might be protected from the possibility of any damage by forest fires; and plaintiff also agreed to make a clearing large enough, and cut, remove, or burn all rubbish, brush, and trees therefrom, in order that lumber might be piled there as sawed, and remain there during the summer, free from any danger of fires running onto said premises from any of the adjacent lands. That during said months there were no rains fell, and the winds were dry, and the weather became heated; so much so that fires would run in the green timber anywhere when set, and fires were running everywhere in the woods, and especially in the locality of the lands described in the plaintiff's amended complaint. That the origin of the fire is unknown, so far as this defendant has any knowledge, and it was impossible to tell who had set the fires, or what their origin was. Defendant, further answering the plaintiff's amended complaint, shows to the court that during the winter

and the logging season of 1898 and 1899 Gore & Stinson did, on or about said season, cut all of said lands, and remove therefrom all of the merchantable saw logs, and cleaned the merchantable timber from all of said lands, and by their operations left a large amount of tree tops and brush and other materials of a combustible nature lying upon all of said lands, rendering it impossible to control any fire during the months of April, May, or June of 1900 that might catch or start from any cause whatever; that on the 27th day of June, 1900, lightning struck a short distance from defendant's mill, shattering a tree, and setting fire to the rubbish upon the ground, which this defendant used every endeavor possible and every means possible to extinguish, but, on account of the dry and combustible condition of the timber, brush, and trees, and tree tops he was unable to extinguish said fire, and that the same run over a part of the lands described in the plaintiff's amended complaint; but defendant alleges that the said fire was a benefit to the said lands, and not an injury, and benefited the plaintiff, instead of doing him any damage; and this defendant further alleges the fact to be that the said plaintiff was not damaged, and that he so admitted. This defendant, further answering the plaintiff's amended complaint, shows to the court that he discovered fire on or about the 21st day of May a short distance away from his lumber yards, and that he shut down his mill, and worked with his crew all of the day in the attempt to put out the fire, and did succeed in fighting it away from the skidway of logs owned by this plaintiff, and saved the same from any injury or damage by fire; but that said fire was not set by this defendant, or by or through any of his acts, either negligently or otherwise, and the same caused no damage to the plaintiff in any manner, but was in fact a benefit to the lands it run over in clearing the same so that the same was suitable for pasturage. Defendant, further answering the plaintiff's amended complaint, shows to the court that all of the logs cut by plaintiff from any of said lands or taken therefrom were of very poor quality, and that the same would cut only a very small percentage of common lumber and no clear stuff, but mostly worthless culls. This defendant, further answering, shows to the court that on the nights of June 11 and 12, 1900, he burned and cleared around the yard containing the lumber

manufactured by him during said summer, as a protection to said lumber yard, all of the brush, slashings, and rubbish, and put all of said fire out, and kept the same under his control, and that the same did not run nor get away from this defendant and his employees, but was under their control continuously, and did no damage to this plaintiff or any other person. Further answering, this defendant shows to the court that upon his removing his mill to the said described tract of land he found that the plaintiff had not cut down the dry trees, nor cleared a place for his said mill, and a place where lumber might be piled, and had not burned the rubbish and slashings thereon and made the place fireproof, as he had promised and agreed to do, and this defendant called the plaintiff's attention to this fact at said time, and plaintiff again agreed to cause said place to be made fireproof, and said that he would clear and burn the same next day, and on said following day did attempt to burn the rubbish about said mill, and told defendant that it was too dry to risk it, and asked this defendant's consent to help him extinguish the fires set by himself; that by reason of the failure of the plaintiff to clear and burn over said land as by him agreed to do this defendant was obliged to clear said land in the immediate vicinity of his mill and yard, and to keep a night watchman until the same was cleared and made fireproof as to his mill and yard from fires that might come from the adjacent lands; that by reason of the clearing of said land and keeping a night watchman in consequence of the plaintiff's failure to perform the conditions of his contract and agreements with this defendant this defendant was obliged to expend a large sum of money in doing said work so promised and agreed to be done by the plaintiff in order that said mill might be operated, and the same and the lumber manufactured might be protected, to wit, in the sum of $137.97, which said amount this defendant pleads as a counterclaim; and alleges the fact to be that no part of the same has ever been paid to this said defendant, but that he is now the lawful owner and holder thereof. This defendant therefore alleges as a counterclaim to the plaintiff's alleged cause of action the sum of $137.97. Further answering, this defendant alleges that said mill was removed to the said lands described in the plaintiff's amended com-

plaint and operated thereon at the special instance and request of the plaintiff, and not otherwise. Wherefore this defendant prays that the plaintiff take nothing by this action, but that the defendant recover the sum of $137.97 of and from the plaintiff, together with interest thereon from and since the 1st day of August, 1900, and his costs and disbursements in this action."

The plaintiff demurred to the counterclaim upon the grounds: *first,* that said counterclaim does not state facts sufficient to constitute a counterclaim; and, *second,* that the facts stated in said counterclaim were not pleadable as a counterclaim. This demurrer was sustained by the trial court, and the defendant appeals.

For the appellant there was a brief by *Mead & Hoar,* and oral argument by *L. H. Mead.*

*A. L. Bugbee,* for the respondent.

WINSLOW, J. A counterclaim must be "pleaded as such and be so denominated." Sec. 2656, Stats. 1898. The technically correct way to plead a counterclaim under this statute is to commence that part of the answer which is supposed to set forth a counterclaim with the distinct statement that the allegations following are pleaded as a counterclaim. The form frequently used and which seems unobjectionable is, "The defendant, by way of counterclaim, herein alleges." But, while this is doubtless the better way, it cannot be said to be the only way. The only requirement of the statute is that it be pleaded as such, and be so denominated. If by that liberal construction which must be given to a pleading (sec. 2668, Stats. 1898) it appears that any definite part of the answer is pleaded as a counterclaim, and is so denominated in the answer itself, then that part of the answer must be considered as fulfilling the requirement of the statute as to form of pleading, regardless of the fact whether it be denominated a counterclaim at the beginning or at the end. All who have had experience in trial courts know that counterclaims are fre-

quently pleaded by first setting forth the alleged facts and concluding with the statement, in substance, that the defendant pleads said facts as a counterclaim in the action. This is certainly allowable, and was the course attempted to be followed here. The first question is, therefore, What allegations of the answer are pleaded as a counterclaim, and so denominated by the answer itself? As will be seen by referring to the statement of facts, the affirmative part of the answer sets forth an alleged agreement with the plaintiff by the terms of which the defendant moved his mill upon the plaintiff's land upon condition that the plaintiff would clear and burn off the rubbish about the site of the mill; that the plaintiff did not perform his agreement, and that, as a consequence of his failure, the defendant was obliged to do such clearing himself, and keep a night watchman until such clearing was done, and necessarily expended in so doing the sum of $137.97, "which said amount this defendant pleads as a counterclaim;" and again, "this defendant therefore alleges as a counterclaim to the plaintiff's alleged cause of action the sum of $137.97." While the pleading is very inartificial, still we think that by any reasonable rule of construction it must be held that by the clauses quoted the pleader, in effect, has denominated all the preceding allegations of the answer which set forth the supposed agreement and its breach with resulting damage to the defendant as a counterclaim, and so fulfilled the formal requirements of the statute. It cannot be reasonably supposed for a moment that the pleader intended to denominate the allegation of damage alone as a counterclaim.

Giving the answer this construction, the question presented is whether the facts referred to constitute a counterclaim. The action being one in tort, the counterclaim must be a cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. Stats. 1898, sec. 2656.

It is very clear that the supposed counterclaim does not come within the rule. The transaction sued on by the plaintiff are two tortious acts of the defendant,—one in May and one in June,—by which the defendant negligently allowed fire to escape from his control onto the plaintiff's lands and destroy his property. The supposed counterclaim is a cause of action for breach of a contract made in the preceding April, by which the plaintiff was to clear certain lands of rubbish, and failed to do so. It does not arise out of the transaction sued upon by the plaintiff, nor is it connected with the subject of the action under the broadest construction which can be given to the words.

*By the Court.*—Order affirmed.